UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.  CV 15-05709 GW (AFMx)                                    Date:  August 5, 2015

Title    Descartes Financial Corp. v. Tracie Marquel Ruben

Present: The Honorable:  GEORGE H. WU, U.S. DISTRICT JUDGE

| Javier Gonzalez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers)       ORDER REMANDING MATTER TO STATE COURT**

On April 22, 2015, Descartes Financial Corp. ("Plaintiff") instituted unlawful detainer proceedings against Tracie Marquel Ruben ("Defendant") in state court.  (Compl. at 3.)  On March 7, 2014, Defendant allegedly entered into a month-to-month agreement to lease the property located at 3900 Nicolet Ave., #6, Los Angeles, CA 90008 (the "Property") from Plaintiff for $875 per month, due on the first day of every month.  (Compl. at 1.)  Plaintiff served Defendant with a three-day "Notice to Pay Rent or Quit" on February 9, 2015, after Defendant had failed to make $6,737.17 in rent payments, and instituted unlawful detainer proceedings after Defendant failed to comply.  *Id*. at 2-3.  There is no evidence of an answer having been filed by Defendant in state court.  Defendant removed the action to this Court on July 28, 2015.  (Notice of Removal at 1.)  Defendant asserts that jurisdiction exists in this Court because:  (i) "Defendant alleges Plaintiff does not reside in this state and damages as a result of an unfair eviction will exceed amounts noted in 28 U.S.C. Section 1332" (Notice of Removal at 2); and (ii) Federal question jurisdiction allegedly exists (Civil Cover Sheet at 1).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue.  *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations).  A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists.  *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  Further a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 15-05709 GW (AFMx)                                          Date:  August 5, 2015

Title         Descartes Financial Corp. v. Tracie Marquel Ruben


      First, it is clear from the face of the Complaint that there is no diversity jurisdiction under 28 U.S.C. § 1332.  The Civil Cover Sheet does not indicate the citizenship of the parties, but even if Defendants could establish diversity, the amount in controversy is alleged to be below $10,000 (Compl. at 1) -- well below the statutory threshold of $75,000.  Defendant's unsupported assertion that damages from an "unfair eviction" would "exceed amounts noted in 28 U.S.C. Section 1332" is unavailing.  Defendant has not plausibly alleged that the amount in controversy requirement has been met.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553-54 (2014).  The Complaint asserts a claim for unpaid rent totaling $6,737.17, plus attorney's fees and updated damages for unpaid rent through the date of judgment.  (Compl. at 3.)  Plaintiff has alleged all of this will total less than $10,000, and Defendant has made no plausible allegations showing how those damages and any potential counterclaim damages would exceed $75,000.   And even if such an assertion were plausible, Defendant cannot justify diversity jurisdiction based on the alleged value of a yet-to-be asserted counterclaim.  *See Frantz v. Midland Corporate Tax Credit III Limited Partnership*, 2014 WL 4656475 at *2 (D. Id. 2014) (counterclaims cannot be used to satisfy the amount in controversy requirement to establish removal jurisdiction); *Franklin v. Car Financial Services, Inc.*, 2009 WL 3762687 at *2 (S.D. Cal. 2009) (same).

      Second, subject matter jurisdiction exists over civil actions "arising under" federal law.  28 U.S.C. § 1331.  A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Plaintiff's Complaint herein contains a single cause of action for unlawful detainer, a state law claim. (Compl. at 1.)  There is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law.  *See Caterpillar, Inc.*, 482 U.S. at 392-93.  This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's complaint.

      The Court thus REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

cc:  Pro Se Defendant

                                                                                    :

**Initials of Preparer**        jg